IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 21-00057-04-CR-W-SRB |
| | ) | |
| REX M. ALLEN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is currently before the Court on Defendant Rex M. Allen's Motion for Severance (Doc. #84). For the reasons set forth below, this motion is denied.[1]

## I. INTRODUCTION

On March 16, 2021, the Grand Jury returned a twelve-count Indictment against defendants Samuel Vega, Joshua R. Sanchez, John E. Chandler III, Rex M. Allen, Shani L.

---

[1] In a footnote to his motion, defendant Allen states: "Should the Court deny this Motion, Allen requests that it set a hearing to immediately review conditions of release under 18 U.S.C. § 3164; *see generally United States v. Theron*, 782 F.2d 1510 (10th Cir. 1986)." (Doc. #84 at 2, n. 1.) The Court finds that defendant Allen's pretrial detention is consistent with the Speedy Trial Act and declines the defendant's request for a hearing to review conditions of release under 18 U.S.C. § 3164. Section 3164(b), which provides that the trial of a detained person shall commence within ninety days of the beginning of such detention, also unambiguously provides that time properly excluded under 18 U.S.C. § 3161(h) is properly excluded from 18 U.S.C. § 3164. "The Eighth Circuit has consistently held that, in a multi-defendant case, 'all of the defendants are subject to one controlling speedy trial clock and any time periods excluded from the speedy trial calculations for one defendant will be applicable to the other defendants.' *United States v. Lightfoot*, 483 F.3d 876, 886 (8th Cir. 2007); *see also United States v. Shepard*, 462 F.3d 847, 864 (8th Cir. 2006) (rejecting the defendant's argument that his speedy trial clock should continue to run because he was not responsible for the motions filed by his codefendants)." *United States v. Kaplan*, No. 4:06-CR-337 (CEJ), 2009 WL 606119, at *2 (E.D. Mo. Mar. 5, 2009) (denying the defendant's request for release from custody based on an alleged violation of section 3164). With respect to the *Theron* case, the Court notes that in a subsequent case, *United States v. Dermen*, 779 Fed. Appx. 497, 504 (10th Cir. 2019), the Tenth Circuit Court of Appeals explained that the "no fault" language in section 3164(c) does not limit the available section 3161(h) exclusions.

Kolar, Shenell M. Thurman, Christopher L. Patrick, and James C. Willard. Defendant Allen is charged in Counts One and Ten. Count One charges all defendants with Conspiracy to Distribute 500 Grams or More of Methamphetamine. Count Ten charges defendant Allen with Distribution of Five Grams or More of Actual Methamphetamine.

II. DISCUSSION

A. Joinder of Defendants

Rule 8(b), Federal Rules of Criminal Procedure, establishes the requirements for joinder of defendants. Defendants are permitted to be joined where "they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed.R.Crim.P. 8(b). "'There is a preference in the federal system for joint trials of defendants who are indicted together.'" *United States v. Anderson*, 783 F.3d 727, 743 (8th Cir. 2015) (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993)). A joint trial is especially compelling when it is charged that defendants have engaged in a conspiracy. *See United States v. Donnell*, 596 F.3d 913, 923 (8th Cir. 2010), *cert. denied*, 562 U.S. 1181 (2011); *United States v. Basile*, 109 F.3d 1304, 1309 (8th Cir.), *cert. denied*, 522 U.S. 866 (1997). "'The preference for joint trials of defendants jointly indicted, particularly where conspiracy is charged, is not limited by any requirement that the quantum of evidence of each defendant's culpability be equal.'" *United States v. Mallett*, 751 F.3d 907, 917 (8th Cir. 2014) (quoting *United States v. Lewis*, 557 F.3d 601, 610 (8th Cir. 2009)).

The question of whether joinder is proper is to be determined from the face of the indictment, accepting as true the factual allegations in the indictment. *See United States v. Massa*, 740 F.2d 629, 644 (8th Cir. 1984), *overruled on other grounds by United States v. Inadi*,

2

475 U.S. 387 (1986). *See also United States v. Willis*, 940 F.2d 1136, 1138 (8th Cir. 1991) ("the indictment on its face revealed a proper basis for joinder"); *United States v. Jones*, 880 F.2d 55, 62 (8th Cir. 1989) ("the superseding indictment reveals on its face a proper basis for joinder").

Accepting as true the factual allegations in the Indictment, it is clear that the charge in Count One (that all defendants conspired to distribute 500 grams or more of methamphetamine) satisfies the requirement that the defendants are alleged to have participated in the same act or in the same series of acts constituting an offense. There is no misjoinder of defendants in this case.

      B.      <u>Defendant Allen is Not Prejudiced By Joinder With the Other Defendants</u>

"'When defendants are properly joined, there is a strong presumption for their joint trial, as it gives the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome.'" *United States v. Casteel*, 663 F.3d 1013, 1018 (8th Cir. 2011) (quoting *United States v. Lewis*, 557 F.3d 601, 609 (8th Cir. 2009)). However, Rule 14, Federal Rules of Criminal Procedure, permits severance where joinder would result in unfair prejudice to a defendant. The decision to sever lies in the trial court's discretion. *See United States v. Davis*, 882 F.2d 1334, 1340 (8th Cir. 1989), *cert. denied*, 494 U.S. 1027 (1990).

Defendant Allen argues that he would be prejudiced by a joint trial. Specifically, the defendant states:

> If Allen is tried with his Codefendants, there is a high probability the jury will confuse the evidence or consider it cumulatively, severely prejudicing Allen. For example, Allen, unlike some of his Codefendants, is alleged to have only distributed five grams or more of methamphetamine, while Codefendants Willard and Chandler are alleged to have distributed ten times that amount. Allen also does not face firearm charges, which are brought against Codefendants Vega, Sanchez, Chandler, and Patrick. There is a likelihood of a spillover effect if Allen is tried with these Codefendants.

> A cursory review of the discovery produced to date reveals that the evidence against Allen's Codefendants far outweighs any evidence against him. It will be difficult for the jury to compartmentalize such evidence or make independent determinations whether information is true to each charged defendant. It will be even tougher for jurors not to impute certain evidence against Allen.
>
> * * *
>
> . . . Allen's defense could conflict with that of his Codefendants and the jury would likely infer from this conflict alone that all are guilty. It is also expected that Allen's Codefendants' extrajudicial statements may implicate Allen. Put simply, Allen faces a prejudicial dilemma that limiting instructions cannot cure, and the inescapable conclusion is that a joint trial will not be a fair trial. The remedy is severance.

(Motion for Severance at 2 and 4; Doc. #84.)

Defendant Allen first argues that there is an inherent risk of substantial prejudice from the spillover effect of conspiracy evidence and that it will be impossible for jurors to compartmentalize the evidence among the various defendants. However, the Court notes that conduct in furtherance of a charged conspiracy is admissible against all co-conspirators as evidence of the conspiracy. *See United States v. Ramsey*, 510 Fed. Appx. 731, 734-35 (10th Cir. 2013), *cert. denied*, 571 U.S. 1084 (2013). *Accord United States v. Hernandez*, 90 F.Supp.3d 813, 823 (N.D. Iowa 2015) ("It is well settled that, for the purposes of proving that a conspiracy exists, the overt acts of one co-conspirator may be imputed to all of the coconspirators.")

To the extent that evidence would be admissible in a joint trial that would otherwise not be admissible if defendant Allen were tried alone, the law is clear that a defendant is not entitled to severance simply because the evidence against a co-defendant is more weighty than the evidence against him or because evidence admissible against a co-defendant may make his case more difficult to defend. In *United States v. Willis*, 940 F.2d 1136 (8th Cir. 1991), *cert. denied*,

4

Case 4:21-cr-00057-SRB   Document 110   Filed 01/12/22   Page 4 of 8

507 U.S. 971 (1993), the court found:

> There can be little doubt that the joint trial made it more difficult for Willis [a minor participant charged in only two of thirty-two counts] to defend himself. The evidence clearly revealed that Duke was a major drug dealer with a "far-flung" operation. But difficulty alone is not a reason to reject joinder. A showing of clear prejudice must be made.

*Id.* at 1139. *See also United States v. Pecina*, 956 F.2d 186, 188 (8th Cir. 1992); *United States v. Davis*, 882 F.2d 1334, 1340 (8th Cir. 1989), *cert. denied*, 494 U.S. 1027 (1990).

Prejudice may occur if the jury is unable to compartmentalize the evidence against each defendant. *See Willis*, 940 F.2d at 1138. However, this potential problem can normally be resolved through applicable jury instructions. *See Pecina*, 956 F.2d at 188 ("Disparity in the weight of the evidence as between . . . parties does not entitle one to severance. . . . In addition, the district court gave precautionary instructions advising the jury of the proper use of evidence as related to each defendant and each charge."); *United States v. McConnell*, 903 F.2d 566, 571 (8th Cir. 1990) ("the roles of the individual [defendants] were sufficiently distinct that the jury, aided by the court's instructions, could compartmentalize the evidence against each defendant"); *United States v. Jones*, 880 F.2d 55, 63 (8th Cir. 1989).

There is no reason to question that any possible prejudice to defendant Allen resulting from any evidence which is not evidence of the conspiracy and/or the other charge brought against Allen and which is presented against his co-defendants cannot be resolved through precautionary jury instructions.

Defendant Allen's next argument for prejudice, mutually antagonistic defenses at trial, must also fail. Mutually antagonistic or irreconcilable defenses are those which force the jury to disbelieve the core of one defense in order to believe the core of the other. *See Hood v. Helling*,

5

141 F.3d 892, 896 (8th Cir.), *cert. denied*, 525 U.S. 1004 (1998); *United States v. Jones*, 880 F.2d 55, 63 (8th Cir. 1989). Mutually antagonistic defenses are not prejudicial per se. *See Zafiro v. United States*, 506 U.S. 534, 538 (1993). The mere fact that one defendant tries to shift blame to another defendant does not mandate a separate trial. *See United States v. Basile*, 109 F.3d 1304, 1309-10 (8th Cir.), *cert. denied*, 522 U.S. 873 (1997); *United States v. Delpit*, 94 F.3d 1134, 1143 (8th Cir. 1996) ("co-defendants are often hostile to one another, and one will try frequently to 'point the finger,' to shift blame or to save himself at the expense of the other"); *United States v. Shivers*, 66 F.3d 938, 940 (8th Cir. 1995) ("the jury was free to disbelieve . . . both of their shift-the-blame-to-the-other-defendant stories"). A defendant is entitled to a severance based on the antagonistic defense of a co-defendant only if there is a danger that the jury will infer that the conflict in defenses alone demonstrates that both defendants are guilty. *See United States v. Payton*, 636 F.3d 1027, 1037 (8th Cir.), *cert. denied*, 565 U.S. 922 (2011); *United States v. Sandstrom*, 594 F.3d 634, 644 (8th Cir.), *cert. denied*, 562 U.S. 881 (2010); *Basile*, 109 F.3d at 1310; *Delpit*, 94 F.3d at 1143. Defendant Allen has not made such a showing.

Finally, defendant Allen argues that severance is required because the government may attempt to admit at trial a co-defendant's incriminating statements to inculpate Allen. In *Bruton v. United States*, 391 U.S. 123 (1968), the United States Supreme Court held that a defendant is deprived of his rights under the Confrontation Clause when his nontestifying co-defendant's confession naming him as a participant in the crime is introduced at their joint trial, even if the jury is instructed to consider that confession only against the codefendant. In a subsequent case, the Court has held that "the Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when . . . the

6

confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence." *Richardson v. Marsh*, 481 U.S. 200, 211 (1987).

In its response, the government acknowledges that if a *Bruton* issue arises, it has experience with redaction and other means of dealing with potential *Bruton* issues (such as a request that the trial court provide the jury with the appropriate cautionary instructions or entertain a motion to sever). (Government's Suggestions in Opposition at 6; Doc. #94.)

The Court notes that pursuant to the Scheduling and Trial Order, "[a]ny statements of a co-defendant which the government intends to offer at trial and which present *Bruton* issues along with proposed redactions should be filed **no later than thirty days prior to trial.**" (Scheduling and Trial Order at 5; Doc. #66.) (emphasis in original)

To date, the Court has not been advised (by either counsel for defendant Allen or counsel for the government) of any statements made by defendant Allen's co-defendants which might present *Bruton* issues for Allen. The Court will not order severance based on the defendant's conclusory statement that "Allen's Codefendants' extrajudicial statements may implicate Allen."

### III. CONCLUSION

Rules 8 and 14 are designed to promote judicial economy and efficiency and to avoid a multiplicity of trials as long as these objectives can be achieved without substantial prejudice to the right of the defendant to a fair trial. *See Zafiro v. United States*, 506 U.S. 534, 540 (1993). Given the Court's findings that defendant Allen is properly joined with his co-defendants and that his claims of prejudice must fail, it is

7

ORDERED that Defendant Rex M. Allen's Motion for Severance (Doc. #84) is denied.

      */s/ Lajuana M. Counts*
      Lajuana M. Counts
      United States Magistrate Judge